The bill stated that Hord, the defendant in equity, had taken advantage of the complainant’s distresses, and thereby *obtained the bonds, which were for a much larger sum than he paid in discharge of the execution ; and that he might have made the money out of Quarles by due diligence.
The defendant in his answer denied his having taken any unfair advantage ; but admitted that he fairly purchased the bonds for less than their nominal value ; and insisted, that the plaintiff’s defence having been properly at law, he ought now to have the benefit of his judgment.
The affidavits filed, stated, that after the assignment of the bonds, the plaintiff insisted that the defendant had received them without recourse; which he denied; that Quarles had considerable property in possession in the year 1786; and that the plaintiff was not defended at law upon the ground of laches in the defendant to pursue Quarles; and a complete copy of the proceedings at law was filed. At the last May Term, the injunction was dissolved ; and, at the last September Term, the bill was dismissed.
In the fall vacation, the plaintiff applied to the Chancellor at his chamber, for an appeal, which he refused for these reasons : 1. That the subject had been, or might have been fairly settled by the proper tribunal, at law ; and, 2. If it was not, yet the plaintiff should not be relieved against his own contract, (though it'may have been a hard one,) since nothing like fraud attends it; as it is supposed that bonds, as well as horses, may be sold, for a stipulated value, and such sales enforced, in a court of equity, as well as in a court of law, when not a usurious trait appears in the transaction.
The plaintiff was not satisfied with this denial; but applied for an appeal to the Judges of the Supreme Court, who- unanimously refused it.